UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE DOMINGUEZ,

        Petitioner,        2:13-cv-00234-AA

    v.                      ORDER

MARK NOOTH,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections after a stipulated facts trial convictions for Rape in the First Degree, Sexual Abuse in the Second Degree and Assault in the Fourth Degree.

    Petitioner directly appealed his convictions, but the Oregon Court of Appeals dismissed the appeal on petitioner's motion and petitioner did not petition for review by the Oregon Supreme Court. Exhibits 106 - 109.

    Petitioner filed an Amended Petition for Post-conviction Relief (Exhibit 101), but the Umatilla County Circuit Court

1 - ORDER

dismissed the petition on petitioner's motion. Exhibit 113. Petitioner appealed and the Oregon Court of Appeals affirmed without opinion. And the Oregon Supreme Court denied review. Exhibits 114 - 118.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging four grounds for relief. Petition (#1). Respondent now moves to deny relief and dismiss this proceeding. Response (#21).

In Ground One, petitioner alleges that he was denied his right of appeal. However, as noted above, petitioner filed direct appeals of his convictions but subsequently moved to dismiss the appeals and the Oregon Court of Appeals granted petitioners motion. Exhibit 109.

Petitioner also appealed the PCR trial court judgment and the appeal was considered by the Oregon Court of Appeals. Exhibits 114, 118.

Accordingly, petitioner's claim in Ground One fails as a factual matter.

In Ground Four petitioner "wonders if his file was padded using other peoples names/cases to make me look bad." and asks the court to "check this and see." Petition (#1) p. 7.

Petitioner's speculation that his file may have been "padded" is unsupported by any specific allegation of fact or any evidence in the record before the court. Accordingly,

2 - ORDER

Ground Four fails to state a claim for relief. *See*, <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995) ["conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"].

In Ground Two petitioner alleges that his trial counsel was inadequate because in he represented to the court that petitioner had agreed to a stipulated facts trial. In Ground Four petitioner alleges that his convictions were obtained by "stipulated facts he did not sign" and that he "did not understand the whole process."

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000).

3 - ORDER

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It

4 - ORDER

is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the

5 - ORDER

controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (*per curiam*), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997).

Petitioner alleged claims similar to those alleged in Grounds Two and Three in his Amended Petition for Post-Conviction Relief. Exhibit 110, p. 2.

The state moved to dismiss petitioner's post-conviction petition arguing that the evidence at the PCR trial established that petitioner *did* understand the stipulated facts proceeding and that his attorney *did* properly advise him regarding the sentence he would receive. Exhibit 112, p. 5. The PCR trial court agreed and allowed the motion to dismiss. Id, *see also*, Exhibit 113.

Petitioner has not controverted the state court factual determinations with clear and convincing evidence to the contrary or established that the state court conclusion was objectively unreasonable. Accordingly that decision is

6 - ORDER

entitled to deference by this court.

Moreover, the state court determination is supported by the record before this court and correct on the merits.

The record reflects that petitioner signed a "waiver of jury trial" acknowledging that he understood that he was waiving his right to a jury trial and all the rights associated with a jury trial. Exhibit 119. Moreover, petitioner was present at the stipulated facts trial, and told the trial court that he understood that he was waiving his right to jury trial. Exhibit 112, p. 3-4. Petitioner was present when his attorney and the prosecutor described the details of the stipulated facts agreement and the negotiated sentence. Exhibit 112, p. 4-12/ There is nothing in the record to suggest that during the course of the trial proceedings, petitioner expressed any misunderstanding or confusion about the stipulated facts trial or the negotiated sentence. *See generally*, Exhibit 112. Under these circumstances the PCR court's conclusion that petitioner's PCR claims that his attorney failed to adequately advise him regarding the stipulated facts procedure and that he did not understand the procedure was not objectively unreasonable and is correct on the merits.

Based on all of the foregoing, petitioner's Petition (#1) is denied. The Clerk of the Court is directed to enter a

judgment dismissing this proceeding with prejudice.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 3rd day of December, 2013.

/s/ Ann Aiken
Ann Aiken
United State District Judge

8 - ORDER